Faust *v.* Levy.

## J. FAUST et al. *v.* L. LEVY et als.

1. CHANCERY PLEADING AND PRACTICE. *Trustee. Additional bond. Sureties.* Upon a bill by a beneficiary to have a trust assignee removed for fraudulent conduct, the Chancery Court has power to require the trustee to give additional bond, and to administer the trust under the direction of the Court.

2. SAME. *Same. Interest. Counsel fees. Cost.* The trustee in default will be charged with interest without proof of receiving it, and will not be allowed cost and counsel fees.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. F. D. STOCKTON, Ch.

T. B. EDGINGTON, for Complainants.

L. & E. LEHMAN for Defendants.

MCFARLAND, J., delivered the opinion of the Court.

A. Loventhal & Co. made an assignment of their stock of goods to L. Levy, to be sold for the benefit of their creditors. Levy gave bond, and was proceeding to sell the goods, when Loventhal, one of the assignors, and part of the creditors, filed their bill to have the trustee removed and a receiver appointed to execute the trusts under the order of the Court.

Faust *v.* Levy.

The Chancellor refused to remove the trustee, but required an additional bond, and ordered him to report his action to the Court.

After the goods were sold, and the trustee's report filed, the complainants filed a supplemental bill, charging the trustee with fraud in the sale of the goods, and praying to hold him and his sureties liable for the actual value of the goods.

The Chancellor held that the trustee was not guilty of fraud, but after reducing the amount of compensation claimed by him to $500, found there was a balance in his hands, after allowing all credits to which he was entitled, of $1,120.38, for which sum a decree was rendered against the trustee and his sureties, and from the decree the trustee and sureties *alone* have appealed.

In their behalf, the following errors have been assigned :

1st. That the Court had no jurisdiction to require an additional bond of the trustee; that the object of the bill was to remove the trustee, and this relief being refused, the bill should have been dismissed, and the Court having no jurisdiction to require an additional bond, the sureties on said bond are not bound thereon.

This position is wholly untenable. The bill in its allegations and prayer is broad enough to give the Court full jurisdiction to administer the trust, either by the appointment of a receiver, as prayed for, or by requiring an additional bond of the

Faust *v.* Levy.

trustee, and by requiring him to perform his trust under the directions of the Court.

2nd. The trustee was charged with interest on the balance in his hands, without proof that he had received interest.

This was correct, as he improperly retained the amount, claiming it as compensation, when he was not entitled to it, instead of paying it out as he should have done.

3rd. The trustee was not allowed costs and counsel fees in defense of the supplemental bill.

This was also correct, as he was shown to be in default, and although the relief might have been had against him without the supplemental bill, under the circumstances, we would not disturb the action of the Chancellor in other respects.

The sum allowed him as counsel fees in the original case was amply sufficient.

4th. The sum of $500 allowed the trustee for his services, we think, was fair compensation, in view of the time he was engaged, and the services rendered.

The complainants' counsel also complain of the decree, but they have not appealed, and besides, have not pointed out any ground upon which the decree should, in our opinion, be reversed.

Decree affirmed, appellant paying the costs.